UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey Meisner, Esq., | No. 2:20-cv-01766-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| JPMorgan Chase Bank, N.A., | |
| Defendant. | |

   Plaintiff Jeffrey Meisner, an attorney, alleges Chase wrongfully led him to believe that a $135,000 check he deposited in a client trust account was "valid" when in fact it was a fraud. He was forced to use his own retirement savings to fund the trust account after Chase discovered the fraud and debited the $135,000. He asserts claims under California law for negligence, negligent misrepresentation, and breach of contract. Chase moves to dismiss under Rule 12(b)(6), and the matter was submitted without argument. The motion is **granted with leave to amend**.

   The applicable legal standard is well known to the parties and need not be reiterated here. *See* Mot. at 4–5, ECF No. 5-1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); Opp'n at 3–4, ECF No. 11 (same).

   The negligence and negligent misrepresentation claims are dismissed. Breach of a duty of care is an element to every negligence claim, and "California law is clear that a bank is under no duty to supervise the activity of account holders." *Spa-Kur Therapy Dev., Inc. v. Bank of Am.*,

1

1  *Nat'l Ass'n,* No. 18-522, 2019 WL 1099834, at *2 (S.D. Cal. Mar. 8, 2019).  California law also

2  bars tort recoveries "for 'purely economic losses that may be recovered in a contract action,'"

3  such as those Mr. Meisner requests here.  *Margaretha Natalia Widjaja v. JPMorgan Chase Bank,*

4  *N.A.*, No. 19-7825, 2019 WL 8108716, at *7 (C.D. Cal. Nov. 19, 2019) (quoting *Lusinyan v.*

5  *Bank of Am.*, *N.A.*, No. 14-9586, 2015 WL 12777225, at *4 (C.D. Cal. May 26, 2015)).  "Multiple

6  courts have applied the economic loss rule to bar a plaintiff's claim against a bank arising from

7  fraudulent activity."  *Id.*

8        The claim for breach of contract is also dismissed.  The contract between Chase and Mr.

9  Meisner is incorporated into the complaint by reference.  *See* Compl. ¶ 54; *Knievel v. ESPN*, 393

10  F.3d 1068, 1076 (9th Cir. 2005).  According to its terms, if "funds from a deposit become

11  available" and can be withdrawn, "that does not mean the check or other item" is "good" or "has

12  been paid by the paying bank."  Deposit Account Agreement, Req. J. Not. Ex. B at 4, ECF No. 6-

13  1.  These provisions contradict Mr. Meisner's allegations and render his contract claim

14  implausible as currently pleaded.  Because the agreement also provides that "[n]o one," not even

15  Chase's employees, "can guarantee . . . that a check will not be returned," *id.*, Mr. Meisner's

16  allegations about a bank employee's reassurances do not support his claim that Chase breached its

17  implied duty of good faith and fair dealing.  *See Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349–50

18  (2000) ("The covenant [of good faith and fair dealing] . . . cannot be endowed with an existence

19  independent of its contractual underpinnings.").

20        The court does not reach Mr. Meisner's unpleaded theories, which he advances for the

21  first time in opposition to Chase's motion, *see* Opp'n at 17–19, that the express contract terms are

22  ambiguous or were amended or modified.  *See Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d

23  42, 59 (N.D. Cal. 2020) ("[T]he complaint may not be amended by the briefs in opposition to a

24  motion to dismiss." (citation omitted)).

25        Mr. Meisner is granted leave to amend if possible within the confines of Rule 11.  *See*

26  *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013)

27  ("Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad

28  faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

1 amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of
2 the amendment, [or] futility of amendment, etc.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182
3 (1962))).
4   The motion is **granted** with leave to amend.  Any amended complaint must be filed
5 **within fourteen days**.  This order resolves ECF No. 5.
6   IT IS SO ORDERED.
7  DATED:  November 30, 2020.

CHIEF UNITED STATES DISTRICT JUDGE